UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | CASE NO. 4:12CR00270 BRW |
| | ) | |
| KENTYA RICH | ) | DEFENDANT |

## MOTION TO SUPPRESS EVIDENCE

Comes now the defendant, Kentya Rich, by and through appointed counsel, and, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, respectfully moves this Court for an Order suppressing from use at trial the following:

a. Any evidence seized from a warrantless search of a hotel room after defendant was served an arrest warrant outside of said hotel room, in violation of the Fourth and Fourteenth Amendments to the United States Constitution; and

b. Any evidence or statements obtained, directly or indirectly, as a result of any unlawfully seized evidence. As grounds for this Motion, defendant states:

1. On or about March 14, 2012, the Little Rock Police Department (LRPD) went to the Quality Inn and Suites, located at 6100 Mitchell Dr. in Little Rock, Arkansas, to serve an arrest warrant on defendant. LRPD officers had received information that defendant was inside of room 416 with a female companion.

2. LRPD officers called the room and ordered the female co-occupant to have defendant step outside of the hotel room door. The co-occupant opened the door and officers observed defendant inside the room. Defendant was ordered into the hall and arrested without incident.

3. Officers performed a protective sweep of the room. Then officers located a pistol that was concealed from view under the mattress in the bedroom. Defendant was indicted in this matter on October 3, 2012.

## DISCUSSION

Law enforcement in this case performed an unlawful seizure when they located the pistol under the mattress. No search warrant was executed on room 416 in this case. Law enforcement only had an arrest warrant for defendant, and he was arrested in the hallway. The Government may argue that law enforcement had the right to perform a warrantless "protective sweep" of the room pursuant to Maryland v. Buie, 494 U.S. 325 (1990). In Buie, the U.S. Supreme Court held that:

> [A]s an incident to the arrest the officers [can], as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that, however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

Buie, 494 U.S. at 334.

The Court reiterated the limitation of its holding by stating that "such a protective sweep . . . may extend only to a cursory inspection of those spaces where a person may be found." Id. at 335.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend IV. This right extends to guests in hotel rooms. Stoner v. California, 376 U.S. 483, 490 (1964).

The holding in Buie allows law enforcement the opportunity to ensure that they will not be ambushed while they perform their duties. The Supreme Court in Buie specifically held that officers may "look in closets and other spaces immediately adjoining the place of arrest from

2

which an attack could be immediately launched." Buie, 494 U.S. at 334. The objectively reasonable officer must believe that an area "harbors an individual posing a danger" to those at the scene. Id. Here, the bedroom is not immediately adjoining the area of arrest, which was in the hallway. Det. Sterka concedes in his report that the protective sweep was completed *before* the pistol was found. Moreover, it would not be reasonable for an officer to believe a person is hiding between a mattress and box spring without additional, articulable facts indicating that a person was hiding there (a large lump, for example). It is otherwise not a place from which an ambush could be launched. Protective-sweep doctrine is limited and does not allow law enforcement to search for evidence without a warrant. Nor does plain-view doctrine apply in this case. See Horton v. California, 496 U.S. 128 (1990).

Therefore, the seizure of the pistol in this matter was unlawful, no exception to the warrant requirement exists, and such evidence should be suppressed as fruit of the poisonous tree under Wong Sung v. United States, 371 U.S. 471 (1963) and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, defendant respectfully requests that the Court grants the relief prayed for herein.

Respectfully submitted,

LAW OFFICE OF BLAKE BYRD, P.A.

By: /s/ J. Blake Byrd
J. Blake Byrd
Bar No. 2007141
217 W. Second St., Suite 206
Little Rock, AR 72201
(501) 444-2120 phone

For: Kentya Rich, Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of May 2013, a true and correct copy of the foregoing was mailed to the Defendant and was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

Linda B. Lipe  
Assistant United States Attorney  
P. O. Box 1229  
Little Rock, AR 72203  
linda.lipe@usdoj.gov

Kentya Rich

                                                  /s/ J. Blake Byrd  
                                                  J. Blake Byrd