UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.  4:12CR00270 BRW |
| ) | |
| KENTYA RICH ) | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by and through Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Linda B. Lipe, Assistant United States Attorney for said district, for its response respectfully submits:

FACTS

At a hearing it is anticipated that the witnesses will testify that on March 14, 2012, officers were in possession of a felony Battery 1st Degree warrant for Kentya Rich outstanding from Little Rock District Court.  Officers had received information that Rich was "hotel hopping".  They had previously visited a number of hotels in the area and shown employees photographs of Rich, requesting that hotel personnel call them if Rich came to their premises. Officers received such a call from hotel employees at a facility located at 6100 Mitchell Drive, Little Rock, Arkansas.  They responded to that location on March 14, 2012, at approximately 12:30 p.m. and were advised that Rich was in room 416, which had been let by a female at approximately 11:15 a.m. that day.  Officers knocked on the door for approximately fifteen minutes with no response.  They went to the office, and called that room from the desk and a

female answered.  She was advised that officers had a warrant for Kentya Rich, and was asked if she would open the door when officers knocked..  She stated that she would do so.

Immediately after the phone call, Kentya Rich told the female to hide his marijuana. Rich himself hid a handgun under the mattress.  He then instructed the female's 14 year old daughter to lie down on top of the mattress under which the gun was hidden and pretend to be asleep.  Officers knocked on the door, the female opened it, and officers called Rich out into the hallway where he was arrested without incident.  After the defendant was arrested, the female advised officers that Rich had hidden a gun under the mattress, with the intention and expectation that officers would remove the weapon from the premises.  At no time did officers conduct a protective sweep or any other search of the room

## ARGUMENT AND AUTHORITY

The governments asserts that the defendant was a recently arrived guest with no reasonable expectation of privacy in the hotel room.

> The Fourth Amendment protects individuals against unreasonable searches and seizures by the government. See *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). Ability "to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In order to have a legitimate expectation of privacy, the defendant must show (1) a subjective expectation of privacy, and (2) the expectation is objectively reasonable. See *Carter*, 525 U.S. at 88, 119 S.Ct. 469.
>
> Under the second requirement, individuals have a reasonable expectation of privacy in their hotel room. See *United States v. Roby*, 122 F.3d 1120, 1125 (8th Cir.1997). "Mere visitors" to someone else's hotel room do not have a reasonable expectation of privacy. See *United States v. Sturgis*, 238 F.3d 956, 958-59 (8th Cir.2001) (individual who told agents he was merely visiting a friend's hotel room, and evidence suggested the purpose

>  of the visit was purely commercial distribution of drugs, did not
>  have a legitimate expectation of privacy in the room); *United
>  States v. Carter*, 854 F.2d 1102, 1105-06 (8th Cir.1988)
>  (individual had no legitimate expectation of privacy in hotel room
>  when he never appeared there, did not check in, did not pay for the
>  room, and had none of his personal belongings in the room).

*United States v. Mitchell*, 521 F.3d 902, 905-6 (8th Cir.2008).

The room was let to the female, who paid for it herself.  She had been at the hotel for several days.  Rich was her guest and had just arrived.  If he does have a legitimate expectation of privacy, he effectively abandoned the weapon in a hotel room with prior knowledge that he was about the be arrested had no reasonable basis to expect an opportunity to recover the weapon.  If he did not abandon it, he certainly relinquished actual possession and control of the weapon to the female who obviously did not want it.  Since officers conducted no interrogation of the female and no protective sweep, and no search of the premises, the weapon would not have been found without her advising officers of its presence with the intention and expectation that they would remove it from her premises.  In fact, there was no seizure of the weapon.  Officers effectively received it from someone in legitimate possession when it was spontaneously and voluntarily surrendered to them.

If, however, the court finds that there was a search, it was done with the clear voluntary and affirmative consent of the female who had a possessory interest in the hotel room, since she initiated any such search by advising officers of the presence and location of the weapon.  Any search performed was performed by invitation of the female.  A consensual search does not violate the Fourth Amendment if the consent was voluntarily given without coercion.  *United States v. White*, 42 F.3d 457, 459 (8th Cir. 1994) (citing *United States v. Cortez*, 935 F.2d 135, 142 (8th Cir. 1991)).  This search, if any, was consented to by a person in apparent control of the

premises, since officers had been advised by the desk clerk that the female had let the room at approximately 11:15 that day.

## CONCLUSION

The defendant does not have legitimate expectation of privacy in the hotel room upon which to contest a search, if there was one. However, there was no protective sweep and no search of the room. If there was a search, it was done with the invitation and consent of a person with a possessory interest in the room superior to the defendant's possessory interest in the room, if any. The defendant had abandoned the weapon, since he knew prior to hiding the weapon that he was a convicted felon, about to be arrested, and that he would have no opportunity to retrieve it. If he did not abandon the weapon, he certainly transferred possession and control of the weapon to the female, who exercised that control by surrendering it to officers. The Fourth Amendment is not impacted by the conduct of the officers. The Defendant's motion to suppress should be denied.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney

/s/ LINDA B. LIPE

By LINDA B. LIPE
Assistant United States Attorney
AR Bar no. 76039
P. O. Box 1229
Little Rock, AR 72203
Linda.Lipe@usdoj.gov
(501) 340-2600

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has been filed electronically on May 29, 2013, using the Clerk's CM/ECF filing system which will send a copy to defendant's attorney of record.

                                                /s/ LINDA B. LIPE